UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TATIANA DAY, ET AL.                                               CIVIL ACTION

VERSUS
                                                                  NO. 21-465-JWD-RLB
CHSV FAIRWAY VIEW, LLC, ET AL.

### ORDER

Before the Court is a Motion to Quash filed by the non-parties Officer Willie Brown and the City of Baton Rouge/Parish of East Baton Rouge (collectively, "Movants"). (R. Doc. 24). The Court ordered expedited briefing. (R. Doc. 27). Plaintiffs filed an opposition. (R. Doc. 28; *see* R. Doc. 30).

**I.      Background**

Titiana Day and Jarcobi Brown ("Plaintiffs"), the parents of the deceased, Ja'Tyri Brown, bring this wrongful death and survival action against CHSV Fairway View I, LLC and Signal 88, LLC ("Defendants"), alleging that their daughter was killed as a result of a shooting that occurred on the premises of the Fairway View Apartments in Baton Rouge, Louisiana. (R. Doc. 1-1). Plaintiffs allege, among other things, that Defendants failed to provide adequate security at the apartment complex. Defendants removed this action asserting diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

The Court recently extended the discovery deadline to November 30, 2022, and set a new trial date of December 11, 2023. (R. Doc. 23).

On August 4, 2022, Plaintiffs served a subpoena on Officer Willie Brown for a deposition to take place on August 24, 2022 in Baton Rouge, Louisiana. (R. Doc. 26-1). The subpoena also seeks the production of "[a]ny documents related to the shooting and death of Ja'Tyri Brown . . .

including any and all reports, notes, charts, statements, documents, and writings of any nature related to this incident." (R Doc. 26-1 at 1).

Movants now seek to quash or modify the subpoena pursuant to Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure, which allows for the quashing or modification of a subpoena where it "requires disclosure of privileged or other protected matter, if no exception of waiver applies." (R. Doc. 24). Movants assert that the shooting resulted in the deaths of three individuals, resulting in a prosecution on three counts of second degree murder in case number DC-21-04907 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (R. Doc. 24-1 at 2). Movants assert that compliance with the subpoena would require Officer Brown to offer sworn testimony on the pending criminal matter outside of prosecution, and permitting such testimony would undermine the integrity of the prosecution and result in the public release of confidential information related to the case prior to trial, as prohibited under La. R.S. 44:3. (R. Doc. 24-1 at 2). Movants' counsel attempted to resolve this issue without court intervention. (R. Doc. 24-1 at 2-3; *see* R. Doc. 26-2).

The Court ordered expedited briefing on the Motion to Quash, staying any obligations to comply with the subpoena until resolution of the motion. (R. Doc. 27).

In opposition, Plaintiffs argue that the deposition of Officer Brown must be completed prior to the extended deadline to complete discovery set on November 30, 2022. (R. Doc. 28). Plaintiffs further argue that the deposition of Officer Brown is "a substantial aspect of this legal matter" because Officer Brown was the sole responding officer. (R. Doc. 28 at 2). Plaintiffs note that "there is no known or anticipated trial date of the concurrent criminal matter." (R. Doc. 28 at 3). Plaintiffs do not, however, address Movants' arguments that the disclosure of the information sought would undermine the integrity of the prosecution of the pending criminal matter, and is otherwise not subject to disclosure under the Louisiana Public Records Law, La. R.S. 44:3.

On September 14, 2022, the Court held a telephone conference on the instant Motion to Quash. At the conference, Plaintiffs informed the Court that, in light of the pending criminal proceedings and the likely inability to obtain the discovery necessary in this civil proceeding within the applicable deadlines, a motion to stay would be filed.

## II.     Law and Analysis

### A.     Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra*

*Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 45 governs the issuance of subpoenas. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Subpoenas issued for discovery purposes are subject to the discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co*., 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).").

**B.    Analysis**

There is no dispute that Plaintiffs' claims in this diversity action are brought under Louisiana law, and that Louisiana law would govern privilege in this action. Fed. R. Evid 501.

Movants argue that the Louisiana Public Records Law, La. R.S. 44:3, precludes Plaintiffs from discovering records and obtain testimony in this civil action because the discovery sought pertains to a pending state criminal investigation and prosecution. The statute provides, in pertinent part, the following:

> A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, Council on Peace Officer Standards and Training, Louisiana Commission on Law Enforcement and Administration of Criminal Justice, or publicly owned water districts of the state, which records are:

> (1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled, except as otherwise provided in Subsection F of this Section; or . . .
>
> (4)(a) The records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, the initial report of the officer or officers investigating a complaint, but not to apply to any followup or subsequent report or investigation, records of the booking of a person as provided in Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filing of a bill of information shall be a public record.

La. R.S. 44:3(A)(1).

The Court need not determine whether the foregoing statute strictly provides a "privilege against subpoenas issued to law enforcement agencies in civil proceedings." *Louisiana State Bd. of Nursing v. Gautreaux*, 39 So.3d 806, 817 n.14 (La. App. 1st Cir. 2010) (noting the conflict in Louisiana decisions), *writ denied*, 50 So.3d 806 (La. 2010). It is sufficient for the Court to find that the discovery sought is a "protected matter" under the statute and relevant jurisprudence, and that the disclosure of the information sought would subject the Movants to "undue burden" with respect to the ongoing criminal investigation and prosecution. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv); *see also Knight v. City of Baton Rouge*, No. 18-1010, 2019 WL 4723080, at *4 (M.D. La. Sept. 26, 2019) (quashing subpoena under Rule 45 directed at the Baton Rouge Police Department Chief seeking the complete file regarding the officer-involved shooting death of Calvin Toney because the death was "the subject of an ongoing criminal investigation" and the information sought would require "the disclosure of a privileged or protected matter" in light of La. R.S. 44:3).

A similar issue was recently addressed in *Bernard v. Trujillo*, No. 21-4090, 2022 WL 266690 (W.D. La. Jan. 27, 2022). That lawsuit involved an automobile crash. The tortfeasor-defendant was issued a citation by the responding officers from the Lafayette Police Department,

resulting in a criminal proceeding. An insurer-defendant issued a subpoena seeking to obtain any dashcam/bodycam footage from the responding officers. The court quashed the subpoena, concluding "that the greater public interest protected by law enforcement in the investigation and prosecution of crimes should take precedence over [the defendant-insurer's] interest in obtaining the dashcam video at this juncture." *Id*. at *3.

In so holding, the foregoing decision relied in part on *Louisiana State Bd. of Nursing*, 39 So. 3d 806. *Bernard*, 2022 WL 266690, at *2-3. In that state court decision, the Nursing Board brought an action against a nurse who allegedly sexually assaulted a patient. The Sheriff and the D.A. began a criminal investigation. When the Nursing Board issued subpoeanas for the arrest report and associated documents, the Sheriff's initial arrest report was provided, but all additional documents were withheld pursuant to the Louisiana Public Records Law. The district court quashed the subpoena, noting that while La. R.S. 44:3 does not create a privilege, it does "embod[y] an important public policy designed to preserve the integrity of an ongoing criminal investigation, and to prevent the disclosure of any criminal investigative files, including files sought by subpoena or through other court-sanctioned process." *Louisiana State Bd. of Nursing*, 39 So. 3d 806, 810. The appellate court affirmed the ruling.

Having considered the applicable law, this Court similarly concludes that the information sought by Plaintiffs cannot be obtained prior to the conclusion of the related criminal investigation and prosecution. As observed in *Bernard*, "the prosecution in the criminal matter is not a party to this civil lawsuit and allowing the production of discovery related to a pending criminal matter in this civil lawsuit would allow parties the ability to circumvent the criminal discovery process." *Bernard*, 2022 WL 266690, at *3. The Court finds it appropriate to quash the subpoena in its entirety.

The sole concern raised by Plaintiffs in their opposition are the approaching discovery deadlines in this action. Plaintiff has also represented to the Court that this discovery is necessary to their case and that waiting to resolve the criminal case would make the current deadlines unworkable. The Court agreed. Accordingly, Plaintiffs informed the Court that a motion to stay the proceedings pending conclusion of the ongoing criminal investigation and prosecution would be filed.[1]

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Quash (R. Doc. 24) is **GRANTED**, and the subpoena directed to Officer Willie Brown (R. Doc. 26-1) is **QUASHED**. All discovery is **STAYED** until otherwise ordered by the Court.

Signed in Baton Rouge, Louisiana, on September 14, 2022.

RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**

---

[1] "In deciding whether to stay civil proceedings during a criminal investigation or pending the resolution of a parallel criminal case, courts have generally considered the following factors: (1) the extent to which the issues in the civil and criminal proceedings overlap (i.e., the moving party must show that the two proceedings are "related and substantially similar so that the same evidentiary material likely will be involved and that the government's case may be compromised"); (2) the status of the criminal proceedings; (3) the plaintiff's interest in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the hardship on the defendant; (5) the convenience of both the civil and criminal courts; and (6) the interests of the public and third parties." *Shoemaker v. State Farm Fire & Cas. Co.*, No. CV 05-302-A-M2, 2007 WL 9701998, at *2 (M.D. La. June 28, 2007) (citations omitted).